IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UPMC MCKEESPORT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-178 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND and SEIU HEALTHCARE PENNSYLVANIA CTW, CLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, UPMC McKeesport, filed suit against Defendants, Service Employees International Union National Industry Pension Fund (the Fund) and SEIU Healthcare Pennsylvania CTW, CLC (the Union), pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. (ECF No. 1). Plaintiff brings a four-count Complaint requesting Declaratory Judgment that it does not owe any further pension fund contributions to the Fund at Count I, that Equitable Estoppel, Laches, and Dereliction of Duty bars any further pension fund contributions at Count II, that Fraud in Execution bars any further pension fund contributions at Count III, and Alternative Relief for Arbitration and Stay at Count IV. (ECF No. 1). Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 23). The Motion to Dismiss has been fully briefed and is now ripe for decision. For the reasons that follow, the Defendants' Motion to Dismiss will be granted.

I. Facts

UPMC McKeesport and the Union negotiated and entered into a series of Collective Bargaining Agreements (CBAs), the first of which began on December 21, 2008. (ECF No. 1,

¶¶ 8-11). Relevant to this dispute, UPMC McKeesport and the Union negotiated and entered into a CBA, effective July 1, 2015 until March 31, 2018. (ECF No. 1, ¶ 10). After such CBA expired, UPMC McKeesport and the Union again negotiated and entered into a CBA, effective April 1, 2018 until March 31, 2021. (ECF No. 1, ¶¶ 10-11). The Complaint alleges that, pursuant to the relevant CBAs, UPMC McKeesport agreed to make contributions to the Fund in the amounts set forth within the CBAs. (ECF No. 1, ¶ 12; ECF No. 1-4, at 16-17; ECF No. 1-5, at 16). Article 2, Section 1 of the relevant CBAs provides that newly hired employees do not become members of the Union until the completion of their probationary period. (ECF No. 1, ¶ 14; ECF No. 1-4, at 6; ECF No. 1-5, at 6). Article 12, Section 8 of the relevant CBAs provides that newly hired nurses shall serve in a probationary status for six months. (ECF No. 1, ¶ 15; ECF No. 1-4, at 14; ECF No. 1-5, at 13). The Complaint further alleges that, since at least 2008, UPMC McKeesport and the Union agreed and performed pursuant to the CBAs, such that UPMC McKeesport began making pension contributions to the Fund once each covered employee completed his or her probationary period. (ECF No. 1, ¶ 17).

In 2019, the Fund conducted an audit of the hospital's contributions to the Fund for the time period January 1, 2016 through December 31, 2018. (ECF No. 1, ¶ 24). The Complaint alleges that UPMC McKeesport had submitted monthly reports to the Fund that reflected each covered nurse's date of hire and that pension contributions to the Fund began for each employee after he or she had completed the required six-month probationary period. (ECF No. 1, ¶ 28). This process of payment and monthly reporting occurred between the hospital and the Fund from December 2011 through at least March 31, 2021. (ECF No. 1, ¶ 28). On November 13, 2019, the Fund issued its audit report, wherein it claimed that UPMC McKeesport owed the Fund $288,217.67, plus $64.57 in daily interest from after December 14, 2019. (ECF No. 1, ¶¶ 29-30).

The Fund's claim is based upon its position that UPMC McKeesport was obligated to make contributions to the Fund from each Covered Nurse's first day of work, rather than from after the completion of his or her six-month probationary period.  (ECF No. 1, ¶ 31).  The Fund also claimed that, since at least 2008, it has prohibited unions and employers from entering into collective bargaining agreements that allow employers to have probationary periods longer than 90 days from the employee's first day of work and that it also prohibits pension contributions that begin after the 90-day probationary period.  (ECF No. 1, ¶ 32).

Effective April 1, 2021, UPMC McKeesport and the Union entered into a CBA, which provides for a 90-day probationary period, with contributions to the Fund beginning after the employee has completed his or her probationary period.  (ECF No. 1, ¶ 35).  On February 1, 2022, the same day that UPMC McKeesport filed the present lawsuit, the Defendants filed a lawsuit in the District Court of the District of Columbia against UPMC McKeesport claiming said sums are allegedly owed under the CBAs.  (ECF No. 24, at 7).

**II.     Standard of Review**

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be presented by the movant as either a facial or factual challenge to the court's subject matter jurisdiction.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a factual attack, the court may consider evidence outside the pleadings.  *Id.* (citing *Mortensen*, 549 F.2d at 891).  At "issue in a factual 12(b)(1)

motion is the trial court's jurisdiction[,] its very power to hear the case." *Mortensen*, at 891.  The plaintiff has the burden of establishing that the court has subject matter jurisdiction.  *Id.*

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted).  Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)).

### III.   Discussion

#### A.   Subject Matter Jurisdiction Under the LMRA

Defendants argue that the Court does not have subject matter jurisdiction over this claim because the Complaint does not allege any breach of the relevant CBAs, which is required by the LMRA.  (ECF No. 24, at 12).  Plaintiff argues that the Court has subject matter jurisdiction over its claim because it has been accused of breaching the relevant CBAs, which satisfies the LMRA's jurisdictional requirements.  (ECF No. 26, at 3).

Section 301 of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185.  Section 301 of

the LMRA only provides federal jurisdiction over lawsuits "filed *because a contract has been violated.*" *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto. Implement Workers of Am.*, 523 U.S. 653, 657 (1998) (emphasis in original). While the Third Circuit Court of Appeals has not directly addressed this issue, the Ninth Circuit Courts of Appeals has affirmed the dismissal of a similar complaint for lack of subject matter jurisdiction where the plaintiff had not alleged the breach of any collective bargaining agreement and the plaintiff had only been accused of violating the collective bargaining agreement. *Nu Image Inc. v. Int'l All. of Theatrical Stage Emps.*, 893 F.3d 636, 641 (9th Cir. 2018). The Seventh Circuit Courts of Appeals, however, has found that a federal district court has subject matter jurisdiction under the LMRA where a plaintiff seeking declaratory judgment has been accused of violating a collective bargaining agreement. *J.W. Peters, Inc. v. Iron Workers Local 1*, 398 F.3d 967, 973 (7th Cir. 2005).

Here, Plaintiff does not allege that any of the parties in the lawsuit violated the relevant CBAs. Instead, in Counts I, II, and III, Plaintiff seeks declaratory relief that this Court decree Plaintiff owes no further contributions to the Fund, because it complied with its obligations under the relevant CBAs. This Court does not have subject matter jurisdiction over a Complaint where there have been no allegations of a breach of contract. Although alluded to in Plaintiff's Brief, there are no allegations in the Complaint that the hospital has been accused of violating the CBA. Absent such allegations that there has been a breach of the CBAs or allegations that there has been an accusation of a breach of the relevant CBAs, this Court lacks subject matter jurisdiction over Counts I, II, and III in the present action. As such, Defendants' Motion to Dismiss is granted as to Counts I, II, and III. As will be discussed below, concerning dismissal

for lack of standing, amendment to establish jurisdiction will be futile, Plaintiff will not be granted leave to amend Counts I, II, and III.

Count IV of Plaintiff's Complaint seeks alternative relief that the Court enforce the arbitration provisions of the relevant CBAs and stay the case pending arbitration. As discussed with regard to Counts I, II, and III above, Count IV of Plaintiff's Complaint fails for lack of subject matter jurisdiction under the LMRA, because the Complaint contains no allegations of a breach of the relevant CBAs or of any accusations of a breach. Furthermore, even if this Court had subject matter jurisdiction over Count IV of Plaintiff's Complaint, Plaintiffs have not pled adequate information regarding the terms of the Arbitration Provisions of the relevant CBAs, that such terms have been satisfied, or that the Fund is bound by the Arbitration Provisions of the CBAs between the hospital and the Union. As such, Count IV of Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. As the Court cannot say that amendment would be inequitable or futile, Plaintiff will be granted leave to amend Count IV.

### B. Standing

Defendants argue that Plaintiff lacks standing with regards to Counts I, II, and III of the Complaint, because the hospital only seeks declaratory relief to adjudicate past conduct between the parties. (ECF No. 24, at 16). Plaintiff argues that it has standing because it seeks declaratory relief to resolve an "actual present harm." (ECF No. 26, at 8-10).

"To satisfy the standing and 'case or controversy' requirements of Article III, a party seeking a declaratory judgment must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Blakeney v. Marsico*, 340 F. App'x 778, 780 (3d Cir. 2009) (citations and internal quotations omitted). A declaratory judgment "is inappropriate solely to adjudicate past conduct" and is not "meant simply to proclaim that one

party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006). Additionally, the anticipation of defenses in future litigation is insufficient to create a justiciable controversy and is an inappropriate use of the declaratory judgment procedure. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014).

In support of their argument that Plaintiff lacks standing, Defendants cite cases dismissing declaratory judgment actions where the plaintiffs' claims addressed past conduct related to terminated contracts. *See Best Med. Int'l, Inc. v. Buchanan Ingersoll & Rooney PC*, 2021 WL 2954103, at *5 (W.D. Pa. Mar. 15, 2021); *Barnett v. Platinum Equity Cap. Partners II, L.P.*, 2017 WL 3190654, *8-9 (W.D. Pa. July 27, 2017). Presently, Plaintiff's Complaint for declaratory judgment similarly seeks to address issues involving past conduct related to expired past CBAs. The resolution of the claims in this case will not impact the future conduct of the parties. Plaintiff's Complaint alleges that the parties have entered into a new CBA, which has resolved any future disputes. Plaintiff only seeks declaratory adjudication regarding the disputed terms concerning pension contributions for the relevant past CBAs. As neither CBA is currently in effect, any relief offered by this Court would serve as an adjudication of past conduct. The existence of an ongoing dispute over past relevant CBAs does not confer standing upon Plaintiff's claims in the present action. Thus, Plaintiff lacks standing as to Counts I, II, and III of its Complaint. As Plaintiff's Complaint concerns only past conduct and contracts between the parties, amendment to the Complaint would be inequitable or futile with regard to Counts I, II, and III of Plaintiff's Complaint. Thus, Plaintiff will not granted leave to amend its Complaint with regard to Counts I, II, and III.

### IV.  Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted as to all counts.  As UPMC McKeesport lacks standing for Counts I, II, and III of its Complaint, the hospital will not be granted leave to amend as to those Counts.  As the Court cannot say that amendment would be futile as to Count IV of UPMC McKeesport's Complaint, the hospital will be permitted leave to file an Amended Complaint.  UPMC McKeesport may file an Amended Complaint by June 6, 2022.  If UPMC McKeesport files an Amended Complaint, the Defendants shall file their responsive pleading within 14 days of the hospital's filing of an Amended Complaint, or by June 20, 2022, whichever occurs first.  If no Amended Complaint is filed, this entire action will be dismissed, without prejudice.  An appropriate Order will be entered.

DATE: May 23, 2022

Marilyn J. Horan
United States District Judge